IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-41008
Conference Calendar

_____

TERRENCE HAZEL,

Plaintiff-Appellant,

versus

SMITH CORONA CORPORATION; ABET
BUSINESS MACHINES,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-96-MC-47
- - - - - - - - - - -
February 24, 1997

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

The motion filed by Terrence Hazel, Texas prisoner #563233, to proceed in forma pauperis (IFP) on appeal is GRANTED.

Pursuant to the Prison Litigation Reform Act (PLRA), we assess an initial partial filing fee against Hazel of $5.12. Hazel shall make such payment to the clerk of the district court. Hazel henceforth shall make monthly payments of twenty percent of

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

the preceding month's income credited to his prison account.  See

28 U.S.C. § 1915(b).  The agency having custody of Hazel is

directed to forward payments from his prisoner account to the

clerk of the district court each time the amount in his account

exceeds $10 until the appellate filing fee of $105 is paid.  Id.

Regarding Hazel's contentions that he stated a valid basis

for federal jurisdiction over his case, we have reviewed Hazel's

brief and the record and we find that the district court did not

err by dismissing Hazel's case for lack of jurisdiction.  Hazel's

appeal is without arguable merit and is DISMISSED as frivolous.

See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  We

caution Hazel that future frivolous civil suits and appeals filed

by him or on his behalf will invite the imposition of sanctions.

Hazel is cautioned further to review any pending suits and

appeals to ensure that they do not raise arguments that are

frivolous.

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.  5th Cir. R.

42.2.